Appellant, Theodore Siedlecki, Jr., appeals from the judgment of the Medina County Court of Common Pleas, Juvenile Division, that ordered him to pay child support. We affirm.
This matter was referred to a magistrate by the trial court pursuant to Juv.R. 40. Mr. Siedlecki failed to file objections to the magistrate's decision in the trial court. The trial court adopted the decision of the magistrate and entered a judgment that required Mr. Siedlecki to pay $523.83 per month, plus a two percent processing charge, in child support.
Mr. Siedlecki timely appealed and has raised a single assignment of error.
ASSIGNMENT OF ERROR
 The trial court committed reversable[sic] error by imputing [Mr. Siedlecki's] income at the amount of $22,830.00 instead of using his actual income or in the alternative imputing minimum wage: as the court did not make acquired[sic] findings pursuant to the required criteria of [R.C. 3113.215].
Mr. Siedlecki contends that the trial court erred when it imputed his income at the amount determined by the magistrate. Specifically, he argues that error occurred because the trial court failed to issue findings regarding this imputed income pursuant to R.C. 3113.215. We disagree.
Pursuant to Juv.R. 40(E)(3)(b), "[a] party shall not assign on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion of law under this rule." Because Mr. Siedlecki failed to raise his objection in the trial court, he may not assign the trial court's adoption of the magistrate's finding regarding imputed income in this court. See Wright v. Mayon (July 2, 1997), Summit App. No. 18050, unreported, at 2-3.
Mr. Siedlecki's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
CARR, J.
BATCHELDER, J.
CONCUR